Johnson, C. J., delivered the opinion of the court. The assignment of errors presents but one question for the ex-s animation, and decision of this court; and that is, did the court below err in sustaining the defendant’s demurrer to the plaintiff’s ¿declaration ? At law; one partner or tenant in common cannotf in genera], sue his co-partner or co-tenant in any action in form e.r contractu, but must proceed by action of account, or by bill in equity: a rule founded on the nature of the situation of the parties, the difficulty at law of adjudicating complicated accounts between them, and the propriety, arising from the confidence reposed by the parties in each other, of their being examined upon oath, which can only be effected in a court of equity. Therefore, in the case of a partnership, one partner cannot at law recover a sum of money received by the other on account of the firm, unless, on a balance struck, that sum is found to be due him alone. 2 T. R. 478. But if one of two or more, partners expressly covenant or agree to account &c. and neglects o to do, an action may be supported by the others; and if an account be stated and one partner expressly promise to pay the balance appearing to be due to the other, the latter may sue at law. 2 T. R. 482. 7 Mod. 116. 13 East 8, 538, and 2 T. R. 482, ’3, and 478. This is the law in cases where the cause of action arises subsequent to the formation of the co-partnership, and grows out of the partnership transactions. The first point, then, to be determined, is whether the cause of action arose prior, or subsequent, to the formation of the co-partnership : Because, it is clear that if the cause of action arose before the existence of the firm, the case must turn upon other and different principles, and that the doctrine above stated can have no application to it. The covenant recites that on the 5th of April, 1841, the plaintiff and defendant entered into partnership, and that the plaintiff had purchased goods to the amount of twenty-six hundred and ninety-six dollars and twenty-six cents, which he then first put into the firm, and also that he received of the defendant on the same day one negro girl at six hundred dollars, which was in part payment of said goods, and further that the parties were to be at equal expense and profits in said goods, and that the said defendant was to account to the said plaintiff for the one half of said goods, except the before mentioned negro girl, at six hundred dollars. This is the substance of the contract between the parties, and though not very formally or technically drawn, yet we think that the intention of the parties can be easily ascertained. The sum and substance of the matter is, that the plaintiff had purchased goods to the amount of twenly-six hundred and ninety-six dollars and twenty-six cents, that lie had sold one half of said goods to the defendant at the same price which he had paid; that the defendant had paid him a negro girl, valued at six hundred dollars, and promised to pay him the residue. It is manifest from the whole tenor of the covenant that the sale of the one half of the goods by the plaintiff to the defendant, though evidenced by the same instrument, that contains the contract of co-partnership, was prior to it, and had no necessary connection with it. It is difficult to conceive how it could be seriously contended that the cause of action arose out of the partnership transactions, when it is evident that the sale was made in contemplation of, and in order to enable the partnership to exist and commence operation. The reason assigned by the books why one partner cannot sue another at law,, is the difficulty at law of adjusting complicated accounts between them, and the propriety, arising from the confidence reposed by the parties in each other, of their being examined upon oath, which can only be effected in a court of equity. The reason of this law cannot apply to the case before us. Here are no complicated accounts between the parties, but, on the contrary, a plain promise made by one party to pay another a sum of money. It is true that the precise sum is not specified in so many words, yet it is easy to-be reduced to a certainty. And the maxim of law is, that is certain which is capable of being reduced to a certainty. The contract of bargain and sale between the parties was perfect and complete before the existence of the firm, and the rights of the one and the liabilities of the other could not, in any manner, have been changed or affected, whether it ever had existed or not. The residue to be paid-by the defendant to the plaintiff, was not, necessarily, to be realized out of the proceeds of the goods, but was an abstract and unconditional promise from the beginning. We are therefore clearly of the opinion that the circuit court erred in sustaining the defendant’s demurrer to the plaintiff’s declaration. Judgment reversed.'